J-S25031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR BRADLEY | |
| Appellant | No. 1339 WDA 2015 |

Appeal from the PCRA Order August 25, 2015
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012296-2010

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 4, 2016**

Omar Bradley ("Appellant"), appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On January 21, 2011, a jury found Appellant guilty of first-degree murder[1] and carrying a firearm without a license[2] following a shooting that occurred on August 20, 2010.  On April 18, 2011, the trial court imposed a life sentence on the murder conviction and a concurrent term of three to six years' incarceration for the firearms conviction.  This Court affirmed Appellant's judgment of sentence on March 4, 2013.  ***See Commonwealth***

_____

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 6106(a)(1).

*v. Bradley*, 1587 WDA 2011 (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on November 6, 2013. *See* Order, *Commonwealth v. Bradley*, 170 WAL 2013 (Pa. filed November 6, 2013).

On August 13, 2014, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of counsel based on trial counsel's alleged failure to (1) present expert testimony regarding eyewitness testimony and identifications, (2) present an alibi defense, and (3) present expert testimony regarding the ballistics evidence recovered at the scene. Appointed counsel filed an amended petition on March 18, 2015, raising the ineffective assistance of counsel claims based on counsel's alleged (1) failure to object to statements made by the prosecutor regarding ballistics evidence found at the crime scene, and (2) failure to investigate the potential of, or to otherwise call, certain individuals as defense witnesses. The Commonwealth filed a response and a supplemental response to the PCRA petition on July 2, 2015 and July 8, 2015, respectively. On July 20, 2015, the PCRA court filed a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and on August 25, 2015, the court dismissed the petition. Appellant filed a timely notice of appeal on August 28, 2015.[3]

---

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In his appellate brief, Appellant claims trial counsel "was clearly ineffective for failing to investigate and call other possible eyewitnesses who were identifiable to trial counsel prior to the start of trial." Appellant's Brief, p. 15.[4] We disagree.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support

_____

[4] Appellant's Statement of the Questions Involved lists two questions, stated as follows:

> I. WHETHER APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, WHICH IN THE CIRCUMSTANCES OF THE PARTICULAR CASE, SO UNDERMINED THE TRUTH-DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OR INNOCENCE COULD HAVE TAKEN PLACE.

> II. WHETHER THERE WAS A VIOLATION OF THE CONSTITUTION OF THIS COMMONWEALTH OR THE CONSTITUTION OF THE UNITED STATES WHICH, IN THE CIRCUMSTANCES OF THE PARTICULAR CASE, SO UNDERMINED THE TRUTH-DETERMINING PROCESS THAT NO RELIABLE ADJUDICATION OF GUILT OF [sic] INNOCENCE COULD HAVE TAKEN PLACE.

Appellant's Brief, p. 4. These questions do nothing more than state certain PCRA eligibility for relief requirements, and they are accordingly insufficient. *See* 42 Pa.C.S. §§ 9543(a)(2)(i) and 9543(a)(2)(ii); *see also* Pa.R.A.P. 2116. However, because the body of Appellant's brief makes clear that he argues an ineffective assistance of counsel claim based on a failure to call certain identified witnesses, our review is not hampered by Appellant's deficient Statement of the Questions Involved, and we will not find the claim waived. *See* Appellant's Brief, pp. 14-19.

for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Pennsylvania courts apply the ***Pierce***[5] test to review PCRA claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We

---

[5] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

> [I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of[,] the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super.2012); *see also Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa.2009) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007)). "Moreover, [the petitioner] must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa.2008).

Here, Appellant specifically argues:

Mr. Tyler Scott and Ms. Marisa Schellman[] were identified as possible eyewitnesses on August 20, 2010; however, there are no police reports indicating any statements were taken from

either of them, nor is there any evidence that trial counsel attempted to contact either of these individuals.

Amended PCRA Petition, p. 14; *see also* Appellant's Brief, p. 15. Appellant argues that trial counsel was ineffective for failing to determine whether either of these two individuals would have provided exculpatory testimony, if called to the stand. *See* Amended PCRA Petition, pp. 14-16. However, Appellant does not allege either individual was available or willing to testify in this matter. *See* Amended Petition, pp. 14-16. Further, Appellant does not provide a statement or affidavit from either possible witness or otherwise outline their expected testimony to allow the PCRA court to determine whether the absence of the witnesses' testimony prejudiced Appellant.[6] As a result, Appellant has failed to illustrate three of the five requirements proving ineffectiveness for a failure to call a witness claim: the witness' availability, the witness' willingness to testify, and why the absence of the testimony prejudiced Appellant.[7] As a result, Appellant's ineffectiveness claim fails. *See Miner*, *supra*.

_____

[6] We note Appellant's inclusion of an affidavit from his mother as illustrative of Appellant's understanding of how he could have fulfilled such a requirement. *See* Affidavit of Banisha Berry, attached to Appellant's original *pro se* PCRA Petition.

[7] We appreciate Appellant's argument that trial counsel's deficient stewardship occasioned his lack of knowledge as to whether the witnesses were available and willing to testify. *See* Amended PCRA Petition, pp. 14-16; Appellant's Brief, p. 14. However, this argument does not excuse the PCRA's requirement that Appellant plead and prove the witnesses' willingness and ability to testify, as well as how the lack of such testimony *(Footnote Continued Next Page)*

Order affirmed.[8]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/4/2016

---

*(Footnote Continued)* ——————————

prejudiced Appellant, to be eligible for relief on his claim that counsel was ineffective for failing to call certain witnesses. **See** Appellant's Brief, p. 17; **see also Miner**, **supra**.

[8] The Commonwealth's brief also addresses a "further claim" that trial counsel was ineffective for advising Appellant to plead guilty prior to trial. Commonwealth's Brief, p. 14. Appellant did not raise or develop such a claim in his appellate brief. Accordingly, even if Appellant raised it in his previous filings, Appellant waived this claim. **See Commonwealth v. Spotz**, 18 A.3d 244 (Pa.2011) (claim unreviewable and waived for lack of development where, in his brief, appellant did not develop the claim factually or legally, did not support it with citations, and the court could not discern what error allegedly occurred).