COMMONWEALTH of Pennsylvania,
Appellee

v.

Jerrod MINER, Appellant.

Superior Court of Pennsylvania.

Submitted March 19, 2012.

Filed April 23, 2012.

Robert B. Mozenter, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, WECHT and COLVILLE*, JJ.

* Retired Senior Judge assigned to the Superior Court.

OPINION BY COLVILLE, J.:

This case is an appeal from the order denying Appellant's petition under the Post Conviction Relief Act ("PCRA"). Appellant raises several issues regarding the alleged ineffectiveness of his trial counsel. We affirm the order.

Appellant was convicted of six sex-related offenses involving multiple complainants. On direct appeal, this Court affirmed his judgment of sentence. *Commonwealth v. Miner,* 927 A.2d 655 (Pa.Super.2007). Appellant filed a PCRA petition but did not obtain relief in the PCRA court. On appeal to this Court, he filed a *pro se* petition alleging the ineffectiveness of PCRA counsel based on that counsel's alleged failure to raise various claims Appellant wanted to pursue.

We ordered PCRA counsel to file a petition for remand pursuant to *Commonwealth v. Battle,* 879 A.2d 266 (Pa.Super.2005). Counsel did so, but we determined the petition was defective in that it did not detail the nature and extent of counsel's review of the claims Appellant wanted to raise and did not explain why counsel believed Appellant's desired issues were meritless. We also determined counsel's brief, which raised several claims for relief, was defective because it contained undeveloped arguments. Accordingly, we were not satisfied Appellant had had the benefit of effective counsel on what was the appeal of his first PCRA petition. Noting that counsel had been privately retained, we were uncertain whether Appellant was indigent and was entitled to the appointment of counsel. Consequently, we vacated the order dismissing Appellant's petition and remanded for a determination as to whether counsel should be ap-

pointed. *Commonwealth v. Miner*, 988 A.2d 725 (Pa.Super.2009).

The Pennsylvania Supreme Court granted Appellant allowance of appeal from our decision. After doing so, the court vacated our order and remanded the case to us for reconsideration in light of *Commonwealth v. Jette*, 23 A.3d 1032 (Pa.2011). *Commonwealth v. Miner*, 27 A.3d 986 (Pa.2011). Thereafter, Appellant filed another *pro se* petition, one requesting self-representation. The case has now returned to us.

In *Jette*, the Supreme Court held the correct response to any *pro se* pleading filed with us by a represented appellant is to refer the pleading to counsel and to take no other action on the issues in the *pro se* pleading unless counsel forwards us a motion or other document relating to the *pro se* issues. *Jette*, 23 A.3d at 1044. The court also noted that, once a counseled brief has been filed on appeal, any right to insist on self-representation has expired. *Id.* Accordingly, all that remains for this Court to do after forwarding a pro se pleading to counsel is to act on the brief or other documents counsel has filed on the appellant's behalf. *Id.* at 1045.

In light of *Jette*, we have forwarded Appellant's latest *pro se* petition to counsel. Counsel has not filed a motion or other document in response thereto. Therefore, we now turn to the appellate issues counsel has included in the brief filed on Appellant's behalf.

The brief argues the PCRA court should have granted Appellant relief because his trial counsel was ineffective for not filing an alibi notice, for not calling alibi or other witnesses, including the stepfather of two complainants, for not offering various documents in support of an alibi, and for not challenging the rape shield law. For the reasons that follow, these claims fail.

Proceeding under Pa.R.A.P. 907, the trial court issued a notice of its intent to dismiss this case based on its finding that the PCRA petition had no merit. Later, after dismissing the petition without a hearing, the court elaborated on its reasoning. In its opinion, the court explained that, while the PCRA petition claimed trial counsel should have filed an alibi notice, the petition did not name the alibi witnesses Appellant wanted counsel to present. The court did acknowledge Appellant appeared to contend some witnesses would have testified he was at work at the time of one or more the incidents in this case but, again, the petition did not identify those persons.

Along these same lines, the PCRA court observed that the jury had heard evidence of no fewer than eleven incidents in which Appellant was to have molested the complainants. However, the PCRA petition did not make clear to the court whether Appellant contended he had an alibi witness for all or just some of those incidents.

With respect to the alibi-related documents that Appellant contended trial counsel should have introduced, the PCRA court determined the PCRA petition did not include those documents. Accordingly, the court did not have an opportunity to review the documentary evidence Appellant wanted trial counsel to introduce.

The court observed that the PCRA petition indicated counsel should have called Lenny Simmons to testify Appellant was not "home" during the incidents. PCRA Court Opinion, 07/11/08, at 7. The court reasoned that, in light of the fact that the incidents giving rise to this case happened at two different residences and the fact that there was evidence of at least eleven such incidents, the petition failed to identify the incidents to which Simmons could testify.

The court also expressed its confusion as to whether Simmons may have been a coworker and how he would have been in a position to know whether Appellant was absent from the residence(s) where and when one or more of the incidents occurred.[1]

Additionally, the court discussed Appellant's claim that counsel should have used evidence of one complainant's sexual history pursuant to some exception to the rape shield law. However, the court noted the PCRA petition did not specify which complainant, did not identify the applicable exception to the rape shield law and, consequently, did not discuss how and why the sexual history in question would have satisfied the unspecified exception.

It appears Appellant's petition made allegations that medical records could have been used to impeach the complainants. Those allegations may have been intertwined with rape shield concerns. In any event, the court found the PCRA petition did not identify what the records were or explain just how they would have served to impeach the complainants.

With respect to all of the foregoing PCRA claims (i.e., alibi notice, alibi evidence, rape shield issues, impeachment), the court observed that the petition did not include any documents or affidavits elucidating Appellant's allegations or supporting whatever precise claims he was trying to make.

In summary, the PCRA court found the petition to be vague, unclear and undeveloped. Moreover, the court reasoned it was Appellant's job to specify his claims and support them with proffers of evidence, not the court's duty to imagine or decipher his allegations. Ultimately, the court concluded Appellant's petition simply did not formulate meritorious claims.

■■■ A PCRA petitioner may be entitled to relief if the petitioner pleads and proves facts establishing ineffectiveness of prior counsel.[2] *Id.* § 9543(a)(2)(ii). To establish ineffectiveness, a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. *Commonwealth v. Cox,* 603 Pa. 223, 983 A.2d 666, 678 (2009). Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. *Id.* Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* The law presumes counsel was effective. *Id.*

■■■ Moreover, in the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial. *Commonwealth v. Clark,* 599 Pa. 204, 961 A.2d 80, 90 (2008).

■■■ Evidence otherwise excluded by the statute commonly known as the rape

---

1. Based on Appellant's brief, it appears Simmons may have been the stepfather of two complainants, but the PCRA court indicated the PCRA petition itself did not inform the court about who Simmons was.

2. There are, of course, several other prerequisites to relief including, but not limited to, the absence of previous litigation and waiver. *See* 42 Pa.C.S.A. § 9543(a)(1), (3), (4).

688

shield law, *see* 18 Pa.C.S.A. § 3104, may, at times, be admissible subject to one or more exceptions. *See Commonwealth v. Burns,* 988 A.2d 684, 690 (Pa.Super.2009).

After giving proper notice of its intent to dismiss a PCRA petition, a court may dismiss the petition without a hearing if, based on the record and the petition, there are no genuine issues of material fact, no purpose would be served by further proceedings, and the petitioner is not entitled to PCRA relief. Pa.R.Crim.P. 907(1).

■ Our standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error. *Commonwealth v. Bennett,* 19 A.3d 541, 543 (Pa.Super.2011). It is an appellant's burden to persuade us that the PCRA court erred and that relief is due. *Id.*

■ In his brief, Appellant presents his issues, makes factual assertions and proceeds through some legal principles relating to ineffectiveness, the failure to call witnesses and the rape shield provisions. He essentially attempts to persuade us counsel was ineffective and Appellant is therefore entitled to relief. Aside from the question of whether Appellant's factual assertions and arguments, as he now presents them on appeal, would establish ineffectiveness, the fatal flaw in Appellant's brief is that it does not demonstrate his petition articulated his claims to the PCRA court. That is, Appellant argues to us as if we were the PCRA court in the first instance instead of telling us how the court was wrong in its evaluation of his petition.

The PCRA court's position was that the petition did not allege and clarify facts, and did not proffer those facts in a fashion sufficiently related to the law, so as to present any meritorious claims entitling Appellant to a remedy. Appellant's brief does not refute the court's assessment of

the state of the PCRA petition. Accordingly, he does not show us his petition did what the PCRA court found it did not do. Consequently, he does not convince us the court's view of the petition was wrong or that the court's ultimate decision to dismiss the petition was erroneous. As Appellant does not critique the trial court's ruling, he fails to demonstrate the trial court's decision was incorrect.

Having not shown factual or legal error by the PCRA court, Appellant has failed to persuade us that the court erred and that Appellant is entitled to relief. As such, we affirm the court's order.

Order affirmed.

Judge BENDER concurs in the result.