J-S79033-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD G. PAOLINO, | : | |
| | : | |
| Appellant | : | No. 1183 EDA 2014 |

Appeal from the PCRA Order Entered January 31, 2014
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0002180-2001 and
CP-09-CR-0005020-2001

BEFORE:    ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 13, 2015**

Richard G. Paolino (Appellant) appeals *pro se* from an order which denied his petition for a writ of *habeas corpus*.  We affirm.

A jury convicted Appellant of insurance fraud, conspiracy to practice osteopathic medicine without a license, practicing osteopathic medicine without a license, delivery of Vicodin, delivery of Xanax, delivery of a Schedule II controlled substance, prescribing controlled substances contrary to the requirements of law, and conspiracy to prescribe controlled substances contrary to the requirements of law.  The trial court sentenced Appellant to an aggregate of 30 to 120 years in prison, and this Court affirmed the judgment of sentence on December 2, 2003.  ***Commonwealth v. Paolino***, 837 A.2d 1216 (Pa. Super. 2003).  Our Supreme Court denied

*Retired Senior Judge assigned to the Superior Court.

Appellant's petition for allowance of appeal on October 20, 2004. *Commonwealth v. Paolino*, 860 A.2d 489 (Pa. 2004). On February 9, 2005, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The PCRA court entered an order denying the petition, and this Court affirmed that order on October 19, 2010. *Commonwealth v. Paolino*, 15 A.3d 532 (Pa. Super. 2010). Appellant also unsuccessfully sought relief in the federal court system.

Appellant, acting *pro se*, filed a petition for writ of *habeas corpus* on September 19, 2013. The lower court treated the petition as a PCRA petition and denied it in an order entered on January 31, 2014. Appellant timely filed a notice of appeal.[1] The lower court ordered Appellant to comply with Pa.R.A.P. 1925(b), and the record suggests that Appellant timely filed a 1925(b) statement. In his brief to this Court, Appellant presents four prolix issues. Appellant's Brief at 4-5.

Initially, we observe that,

[u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written pro se submission than is fairly conveyed in the pleading.

---

[1] The record suggests that Appellant unsuccessfully attempted to have this matter transferred to the Commonwealth Court.

*Commonwealth v. Blakeney*, 2014 WL 7392249, 20 (Pa. 2014) (citation omitted).

The thrust of Appellant's poorly crafted arguments to this Court seems to be that the lower court improperly treated his petition for a writ of *habeas corpus* as a PCRA petition. As best we can discern from Appellant's brief and *habeas* petition, he ultimately is claiming that, in 2000, the State Board of Osteopathic Medicine violated federal bankruptcy law in improperly suspending his medical license, which, according to Appellant, led to his being arrested, convicted, and sentenced. As a remedy for this alleged misstep, Appellant asks, *inter alia*, that he be released from prison.

Appellant has the burden to persuade us that the lower court erred, that his petition is timely and that relief is due. *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa. Super. 2012). Nothing in Appellant's brief convinces us that a belated attack on the propriety of the medical board's decision warrants the relief that Appellant seeks, regardless of whether his petition is treated as a PCRA petition which would be untimely or as a petition for a writ of *habeas corpus*. Consequently, we conclude that the lower court properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/13/2015