J-S56008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT B. JONES, | |
| Appellant | No. 1673 MDA 2015 |

Appeal from the PCRA Order Entered August 27, 2013
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000103-2009

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 13, 2016**

Appellant, Scott B. Jones, appeals *nunc pro tunc* from the post-conviction court's August 27, 2013 order denying his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the facts and procedural history of Appellant's case, as follows:

> At [Appellant's non-jury] trial, [he] conceded delivering cocaine to Detective William Hartlaub of the Conewago Township Police Department on two separate occasions.  He also acknowledged arranging the deliveries through various cell phone discussions with Detective Hartlaub and/or a confidential informant [(CI)].  [Appellant] claimed, however, that he was entrapped into making the deliveries.  He noted the [CI] was a former girlfriend and is the mother of his minor son.  Through

---

[*] Former Justice specially assigned to the Superior Court.

his testimony, he attempted to paint a picture of coercion wherein his deliveries on the two dates in question were a result of his fear of retaliation by the [CI] in seeking child support and prohibiting visitation with his son. [Appellant's] claims were rejected by the trial court resulting in a finding of guilty [on] all charges.

Following sentencing held on December 1, 2009, [Appellant] filed an appeal to the Pennsylvania Superior Court. … The Superior Court affirmed [Appellant's] convictions[,] however remanded for re-sentencing[,] opining that the trial court erred in mistakenly believing that mandatory minimum sentences were required to be imposed consecutively. [**Commonwealth v. Jones**, 23 A.3d 589 (Pa. Super. 2010) (unpublished memorandum).] Following expiration of the appeal period within which [Appellant] did not petition the Supreme Court for allocatur, re-sentencing was held on February 14, 2011. At re-sentencing, [Appellant] was represented by original trial counsel. Neither post[-]sentence motions nor further direct appeal were filed following re-sentencing.

On April 21, 2011, [Appellant] filed a counseled [p]etition pursuant to the [PCRA]. The sole issue raised in the [p]etition was an allegation that trial counsel failed to perfect an appeal to the Pennsylvania Supreme Court following the Superior Court's ruling relative to the issues of entrapment. … [Ultimately, Appellant's] appellate rights were reinstated limited to those issues properly preserved in the direct appeal to the Superior Court. By Order dated May 23, 2012, [Appellant's] Petition for Allowance of Appeal to the Supreme Court was denied. [**Commonwealth v. Jones**, 46 A.3d 716 (Pa. 2012).]

PCRA Court Opinion (PCO), 8/27/13, at 1-3 (footnotes omitted).

On April 18, 2013, Appellant filed a timely, counseled PCRA petition, which underlies the present appeal. A hearing was conducted on June 17, 2013, after which the court issued an order (and accompanying opinion) denying Appellant's petition. Appellant filed a timely notice of appeal with this Court, but after he failed to file a court-ordered Pa.R.A.P. 1925(b) statement or an appellate brief, we dismissed his appeal. **See** Per Curiam

Order, 5/13/14 (No. 1731 MDA 2013). The PCRA court subsequently reinstated Appellant's right to appeal, *nunc pro tunc*, from the order denying his first PCRA petition, concluding that counsel had acted ineffectively by abandoning Appellant on appeal. ***See*** PCRA Court Order, 9/3/15.

Appellant thereafter filed a notice of appeal, and timely complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises three issues for our review:

> 1. Whether the PCRA court erred in denying the Petition for Post Conviction Relief on the basis that [] Appellant's trial counsel permitted the case to proceed in a non-jury trial rather then [*sic*] in a jury trial, without [] Appellant's knowing, intelligent, and voluntary waiver of his right to a jury trial, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Sections 6 and 9 of the Pennsylvania Constitution?
>
> 2. Whether the PCRA court erred in denying the Petition for Post Conviction Relief on the basis that Appellant's trial counsel failed to call as a defense witness the confidential police informant, although she was present in the courtroom and despite [] Appellant's request to call this witness to testify for the defense, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 9 of the Pennsylvania Constitution?
>
> 3. Whether the PCRA court erred in denying the Petition for Post Conviction Relief on the basis that Appellant's trial counsel also represented the confidential police informant and failed to withdraw from representation despite this actual or apparent conflict of interest, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 9 of the Pennsylvania Constitution?

Appellant's Brief at 4.

We begin by noting that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [***Commonwealth v.***] ***Colavita***, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing ***Strickland***[ ***v. Washington***, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the ***Strickland*** performance and prejudice test into a three-part inquiry. *See* [***Commonwealth v.***] ***Pierce***, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. ***Commonwealth v. Ali***, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." ***Commonwealth v. Simpson***, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. ***See Ali, supra****.* Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be

concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali*, 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Appellant first claims that his trial counsel was ineffective for permitting him to proceed with a non-jury trial, despite that Appellant did not knowingly, intelligently, and voluntarily waive his right to be tried by a jury. Appellant acknowledges that prior to trial, the court colloquied him regarding his waiver of a jury trial; he contends, however, that he only completed that colloquy because "his trial counsel told him that he was only going to have a bench trial, … [counsel] did not thoroughly explain his right to a jury trial, and [counsel did not clarify] the ramifications of a waiver of such rights." Appellant's Brief at 11. Appellant also asserts that the statements he made during that colloquy should not defeat his ineffectiveness claim, where counsel did "not simply recommend[]" a non-jury trial, but rather informed Appellant "that a bench trial was his only option." *Id.*

In rejecting this claim, the PCRA court stressed that at the evidentiary hearing on June 17, 2013,

> [t]rial counsel credibly testified that she discussed the waiver with [Appellant] during which discussions she explained her reasoning for her recommendation of waiver. She shared with [Appellant] her belief that a judge would better understand the legal principles involved in an entrapment defense and would also be better able to insulate consideration of the legal issue from the otherwise passionate response a jury may have to a defendant's actual admission of the criminal conduct. Trial counsel testified that after weighing these considerations with [Appellant], [he] voluntarily agreed that a non-jury trial would best further his interests. The [c]ourt finds this testimony credible and rejects [Appellant's] self-serving claims to the contrary.

PCO at 6. The PCRA court also quoted the colloquy that Appellant completed when waiving his right to a jury trial, during which Appellant stated that he was voluntarily making the decision to proceed with a non-jury trial, that he had discussed his decision with trial counsel, and that he was satisfied with counsel's representation. *Id.* at 7 (quoting N.T. Trial, 7/20/09, at 5-6).

The record confirms the PCRA court's summary of the statements Appellant made during the pretrial colloquy regarding his waiver of his right to a jury trial. *See* N.T. Waiver Hearing, 7/20/09. However, we cannot assess whether the record supports the court's credibility determination regarding trial counsel's testimony at the PCRA hearing, as the certified record does not contain a transcript of that proceeding. The record does contain an order entered by the PCRA court on October 7, 2015, directing Appellant to pay for that transcription. Through communications between

this Court's Prothonotary's Office and the PCRA court, we discovered that Appellant failed to pay the transcription fee and, consequently, no transcription of the PCRA hearing was made. It is well-settled that it is the appellant's burden to ensure the certified record is complete for this Court's review. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.").

Because Appellant did not provide a transcript of the PCRA hearing, and noting that he does not take issue with the PCRA court's above-quoted description of trial counsel's testimony at that proceeding, we will accept that the PCRA court accurately summarized that evidence. Counsel's PCRA hearing testimony clearly refutes Appellant's argument that counsel forced or coerced him into waiving his right to a jury trial. Rather, counsel testified that she discussed the issue with Appellant and he voluntarily chose to proceed with a non-jury trial. The PCRA court believed counsel's testimony. It is well-settled that appellate courts are bound by the PCRA court's credibility determinations, as long as they are supported by the record. **See Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013) (citation omitted). Accordingly, we ascertain no error in the PCRA court's rejection of Appellant's first ineffectiveness claim.

Appellant's next two ineffectiveness claims are related and, thus, we will address them together. Appellant contends that he wanted to call the CI as a defense witness at trial because the CI's testimony would have supported his entrapment defense. Appellant maintains that the CI was present at trial and was willing to testify on his behalf, yet his trial counsel - a member of the Adams County Public Defender's Office - failed to call the CI to the stand. Appellant claims that counsel's decision in this regard was impacted by the fact that the CI was also represented by the public defender's office on unrelated criminal charges of her own. According to Appellant, his trial counsel informed him that the CI had an agreement with the Commonwealth regarding her criminal charges, and that calling the CI on behalf of Appellant would jeopardize the CI's agreement. Thus, Appellant's counsel refused to call the CI at Appellant's trial, which Appellant claims prejudiced him and demonstrated an 'actual conflict of interest' in his counsel's representation of him.

Our review of the PCRA court's rationale for rejecting this ineffectiveness claim convinces us that the court did not err. First, the court explained that Appellant "went to great lengths [at the PCRA hearing] in claiming the [CI] should have been called as a witness, [yet] there was a complete paucity of any showing as to what the testimony of the [CI] would have been." PCO at 9. Thus, the court concluded that Appellant did not demonstrate "any prejudice flowing from trial counsel's alleged failure" to call the CI, as is required to prove ineffective assistance for failing to call a

witness. *Id.*; *see also Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa. Super. 2012) (stating that in the context of alleging ineffective assistance of counsel for failure to call a witness, the petitioner must prove: "(1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to [the] petitioner to have denied him or her a fair trial") (citation omitted).[1]

Second, the PCRA court stressed that Appellant's trial counsel testified at the PCRA hearing that "her decision not to call [the CI] as a witness was based solely on … [her belief] that the witness would likely contradict [Appellant's] testimony on entrapment which, without the testimony of [the CI], was otherwise uncontested."  PCO at 13.  Again, Appellant did not present any evidence at the PCRA hearing - such as the CI's testimony - to refute the reasonableness of counsel's assumption that calling the CI to the stand at trial would have hampered Appellant's entrapment defense.

Third, the PCRA court noted that Appellant offered no evidence at the PCRA hearing to demonstrate "the time, length, or nature of the

---

[1] On appeal, Appellant again fails to explain what testimony the CI would have offered, had she been called to the stand at trial.  Instead, he simply makes bald assertions that the CI would have "testified in favor of his entrapment defense…."  Appellant's Brief at 13.

representation" of the CI by the Public Defender's Office. The court noted that,

> [t]rial counsel filled in some of the gaps when she conceded that another attorney in the Public Defender's Office represented [the CI] on an [Accelerated Rehabilitative Disposition (A.R.D.)] admission. Nevertheless, the testimony also lacked clarity as to the time period of such representation or the underlying charge upon which [the CI] was admitted to the program.

*Id.* at 12.

For all of these reasons, the PCRA court concluded that Appellant failed to demonstrate an actual conflict of interest in his counsel's representation of him, or that his counsel otherwise acted ineffectively by not calling the CI to the stand at trial. We ascertain no legal error in the PCRA court's determination. Therefore, the court properly rejected Appellant's ineffectiveness claims based on counsel's purported conflict of interest and her decision not to call the CI to the stand at trial.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016