J. S62028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE LAMONT WILLIAMS | : | |
| | : | |
| APPELLANT | : | No. 249 MDA 2016 |

Appeal from the PCRA Order January 12, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004623-2010

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Tyrone Lamont Williams, appeals from the January 12, 2016 Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, challenging the effectiveness of trial counsel. After careful review, we affirm.

The detailed facts of the underlying murder conviction are set forth in our disposition on direct appeal, and we need not restate them in their entirety. *See Commonwealth v. Williams*, No. 1682 MDA 2012 (Pa. Super. filed August 12, 2014) (unpublished memorandum).

On January 27, 2012, Appellant was convicted by a jury of First-Degree Murder[1] and related offenses in connection with his participation in

---

[1] 18 Pa.C.S. § 2502(a).

the shooting death of Brandon Granthon after a drug dispute. The trial court sentenced him to a term of life in prison. Appellant timely appealed and this Court affirmed his Judgment of Sentence on August 12, 2014.

On March 10, 2015, Appellant filed a timely *pro se* PCRA Petition. On the same day, the PCRA court appointed counsel and ordered counsel to file a supplemental PCRA Petition. On November 24, 2015, appointed counsel filed a Motion for Evidentiary Hearing under the PCRA. On January 6, 2016, the court held a PCRA hearing, and on January 12, 2016, the PCRA court dismissed Appellant's PCRA Petition. Appellant timely appealed and both parties complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal: "Was Appellant's trial counsel ineffective as a matter of law for his failure to call desired witness?" Appellant's Brief at 6.

When reviewing the denial of PCRA Petition, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

As an initial matter, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. **Fears, supra** at 804. To establish

ineffective assistance of counsel, a petitioner must plead and prove (1) the underlying claim has arguable merit, (2) counsel's actions lacked any reasonable basis, and (3) counsel's actions prejudiced the petitioner. ***Commonwealth v. Miner***, 44 A.3d 684, 687 (Pa. Super. 2012). "Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued." ***Id.*** (citation omitted). To establish prejudice, Appellant must prove that "absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." ***Id. (citation omitted).*** Appellant bears the burden of proving each of these elements by a preponderance of the evidence, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

To prove counsel had been ineffective for failing to call a witness, the PCRA petitioner must show that:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

***Commonwealth v. Clark***, 961 A.2d 80, 90 (Pa. 2008) (citation omitted).

Here, Appellant avers that his trial counsel, Michael Rentschler, Esquire, was ineffective because he failed to call an alibi witness, Quanisha Williams. Ms. Williams is Appellant's niece, and she claims that she was with Appellant at the time of the crime. Appellant alleges that Attorney Rentschler knew about Ms. Williams and his failure to investigate her potential testimony "makes it impossible for a claim that there was a reasonable basis for not calling her at trial." Appellant's Brief at 8. Appellant further alleges that the failure to call Ms. Williams as a witness resulted in prejudice to him because, had she been called to testify, the outcome of the trial would have been different. *See id*.

At the PCRA hearing, Ms. Williams testified that she was with Appellant at the time of the murder, that she was available and willing to testify at Appellant's trial, and that she had contacted Attorney Rentschler several times prior to trial but never spoke to him and never specified why she wanted to speak to him. N.T. PCRA Hearing, 1/6/16, at 4-9, 16-18. Ms. Williams' testified further that she finally spoke with Attorney Rentschler after the first day of the trial and he told her that she could not be a witness because she was not sequestered on the first day of trial. *Id.* at 11-14. Ms. Williams also testified that she never provided a statement to the police and that she never told anyone else that she was with Appellant at the time of the murder. *Id.* at 14-16

Appellant testified that he told Attorney Rentschler about Ms. Williams several times and that Attorney Rentschler attempted to get into contact with Ms. Williams but they kept missing each other. *Id.* at 53-54.

In contrast, Attorney Rentschler testified that he did not recall speaking to Ms. Williams prior to trial, but if he had spoken to her, he would have advised her to give a statement to the police. *Id.* at 19. Attorney Rentschler stated that he reviewed his own files, and they did not indicate that he spoke to Appellant about Ms. Williams and did not include any contact information for her. *Id.* at 25. He further stated that when he took over the case from another attorney prior to trial, "I went through everything, and no other prior information was anywhere to be found about [Ms. Williams]." *Id.* at 25-26. Attorney Rentschler had copies of all of the police reports and there was no mention of Ms. Williams in any of them. *Id.* at 50. Attorney Rentschler recalled meeting and speaking with Ms. Williams after the first day of trial and telling her that she could not testify because she had not been sequestered and she was not previously disclosed as an alibi witness. *Id.* at 32-33. Finally, Attorney Rentschler indicated that even if he had known about Ms. Williams as a potential alibi witness prior to trial, which he had not, he would not have called her to testify because it would have been inconsistent with the two different statements that Appellant had given to police, and, thus, would have presented a third version of events. *Id.* at 48-50.

In denying relief, the PCRA court concluded that Appellant had not met his burden of proving that Attorney Rentschler should have known about Ms. Williams, stating that "[t]here is some serious doubt as to whether Attorney Rentschler knew of [or] should have known about Ms. William[s'] identity. The testimony at the evidentiary hearing was flatly contradictory[.]" PCRA Court Order, dated 1/12/16, at 3 (unpaginated). Because Appellant failed to convince the PCRA court that Attorney Rentschler even knew about Ms. Williams' existence prior to trial, Appellant has failed to prove an element essential to his ineffectiveness claim. The record supports the PCRA court's determination and we find no error.

Moreover, even if counsel had been aware of Ms. Williams prior to trial, Appellant would be unable to prove that he suffered prejudice as a result of Ms. Williams' missing alibi testimony. As the PCRA court concluded, Appellant presented "nothing to indicate that including a third alibi in the defense would have changed the outcome of the proceeding." PCRA Court Order, dated 1/12/16, at 3 (unpaginated). We agree. In light of the trial evidence, including Appellant's own conflicting statements made to detectives, a third version of events put forth by Appellant's niece would not have resulted in a different verdict.

After reviewing the evidence with all inferences in favor of the Commonwealth as verdict winner, we conclude that the record supports the PCRA court's determination, which is free of legal error.

J. S62028/16

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016