J-S06004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD A. CARTER | : | |
| | : | |
| Appellant | : | No. 1744 EDA 2018 |

Appeal from the PCRA Order May 11, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001010-2014

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                        **FILED JULY 17, 2019**

Ronald A. Carter appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On January 29, 2014, the Pennsylvania State Police ("PSP") stopped a rental car driven by Taquece Chitty, and in which Appellant was a passenger. Neither occupant was a lessee or an authorized user of the vehicle.  Rather, Appellant's sister, who was Chitty's girlfriend at the time, was the lessee of the vehicle, and she was not present at the time of the stop.  The PSP summoned a K-9 unit and requested consent to search the car, but Chitty declined.  The dog alerted to the presence of drugs, and the PSP arrested Appellant and Chitty.  Upon obtaining a warrant to search the car, the PSP discovered thirty-one pounds of heroin in 65,000 individual packets, camouflaged in pornography and gift wrapping paper.

Appellant and Chitty were charged with possession with the intent to deliver ("PWID") heroin, possession of heroin, possession of drug paraphernalia, and conspiracy to commit those crimes. Their cases were joined for trial. Prior to trial, Chitty filed a motion seeking suppression of the evidence found in the rental car and statements he made to the arresting troopers, on the bases that the initial stop was not supported by sufficient cause and the duration of the stop was unreasonable. Chitty's suppression motion was denied after a hearing. Appellant's pretrial motion, which did not raise the same suppression issues as Chitty's, was also denied. Later in the pretrial proceedings, however, some evidence was excluded as a result of the Commonwealth's discovery violations.

On July 16, 2015, Appellant and Chitty proceeded to a joint jury trial at which Chitty testified in his own defense. Chitty indicated that he was in town for the weekend visiting Appellant's sister, and she asked Chitty to drive Appellant to his aunt's house in her rental car because she was tired and did not want to do it. Chitty claimed that he had no idea what was in the vehicle when he got in it, and that nothing in the car belonged to him. Chitty told the jury that he was not there to testify against Appellant, but did state that, while the two of them were alone in the car, Appellant said "No matter what don't let them search the car." N.T. Trial, 7/17/15, at 186.

Appellant presented the testimony of his sister, who contradicted several of Chitty's contentions. Contrary to what Chitty told the jury,

Appellant's sister claimed that Chitty had never met Appellant before she asked him to drive Appellant to the casino because she was not feeling well. Appellant's sister maintained that Chitty had asked for the keys to the car as soon as he arrived at her home so that he could put his bags in the trunk. She identified several of the items recovered by the PSP from the vehicle as Chitty's luggage. *Id*. at 216-21.

The jury acquitted Chitty of all charges, but convicted Appellant of the three drug offenses. The trial court imposed an aggregate sentence of 150 to 312 months of incarceration. This Court affirmed Appellant's judgment of sentence, *Commonwealth v. Carter*, 160 A.3d 252 (Pa.Super. 2017) (unpublished memorandum), and Appellant did not seek review in our Supreme Court.

On July 3, 2017, Appellant filed a timely *pro se* PCRA petition raising, *inter alia*, numerous claims of ineffective assistance of trial counsel. The PCRA court appointed counsel, who adopted Appellant's *pro se* petition. On October 16, 2017, the PCRA court held a hearing at which Appellant and trial counsel testified. Appellant filed a post-hearing brief addressing only three of the claims: failure to file a suppression motion, failure to seek to sever Appellant's trial from that of Chitty, and ineffective cross-examination of Chitty. On May 11, 2018, the PCRA Court issued an order and opinion denying Appellant's petition. This timely appeal followed, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents this Court with the following questions:

A.    Whether trial counsel was ineffective for not filing pretrial suppression motions?

B.    Whether trial counsel was ineffective for not seeking [severance] of [Appellant's] case from his co-defendant?

C.    Whether trial counsel was ineffective for how co-defendant Chitty was handled at trial?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with the legal principles pertinent to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Regarding claims of ineffective assistance of counsel, we note that counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113.

- 4 -

"Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa.Super. 2019) (cleaned up). Rather, in order to establish counsel's lack of a reasonable basis, the petitioner must show that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). To demonstrate prejudice, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012).

With these principles in mind, we address the questions Appellant presents on appeal. First, Appellant contends that the PCRA court erred in denying relief on his claim that trial counsel was ineffective in failing to move to suppress evidence secured from the rental vehicle. Appellant's brief at 10. Appellant asserts that he had standing to challenge the search of the vehicle because he was the brother of the lessee and had been driving the car earlier that day. *Id*. at 11. Even if he lacked standing under the existing law, Appellant argues, counsel should have challenged the current law, both in the trial court and on appeal, seeking to establish standing based upon the

- 5 -

severity of the penalties he faced. *Id*. ("Law does not change unless it is challenged[.]").

The PCRA court concluded that standing was not an obstacle to a suppression motion, as Appellant had automatic standing to challenge the constitutionality of the search because he was charged with a possessory offense. *See* PCRA Court Opinion, 5/11/19, at 10-11. However, the PCRA court held that Appellant failed to establish that he had a reasonable expectation of privacy in the vehicle. *See id*. at 12-13.

Our Supreme Court explained the law as follows.

> Generally, to have standing to pursue a suppression motion under Pa.R.Crim.P. 581, the defendant's own constitutional rights must have been infringed. However, it is well settled that a defendant charged with a possessory offense in this Commonwealth has "automatic standing" because the charge itself alleges an interest sufficient to support a claim under Article I, § 8. This rule entitles a defendant to a review of the merits of his suppression motion without a preliminary showing of ownership or possession in the premises or items seized. In addition to standing, though, a defendant must show that he had a privacy interest in the place invaded or thing seized that society is prepared to recognize as reasonable.

> While cursorily similar, standing and privacy interests are different concepts serving different functions. Standing is a legal interest that empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment to the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution. It ensures that a defendant is asserting a constitutional right of his own. The expectation of privacy is an inquiry into the validity of the search or seizure itself; if the defendant has no protected privacy interest, neither the Fourth Amendment nor Article I, § 8 is implicated. In essence, while a defendant's standing dictates when a claim under Article I, § 8 may be brought, his privacy interest controls whether the

- 6 -

claim will succeed—once a defendant has shown standing, he must, in short, having brought his claim, demonstrate its merits by a showing of his reasonable and legitimate expectation of privacy in the premises.

***Commonwealth v. Shabezz***, 166 A.3d 278, 286-87 (Pa. 2017) (cleaned up).

Appellant's brief focuses on a standing analysis that is unnecessary in light of the possessory charges he faced, but he makes no argument and cites no case law concerning any expectation of privacy he may have had in the rental vehicle. As such, Appellant has not demonstrated that there is arguable merit to his claim. Furthermore, nowhere in his brief does Appellant even attempt to show that the result of the proceeding would have been different had counsel filed a suppression motion. The absence of any argument as to prejudice is especially glaring given that Chitty's suppression motion was denied, and Appellant offers us no reason to conclude that his motion raising the same issues would have succeeded. Accordingly, Appellant has not met his burden of convincing us that the PCRA court erred in denying relief on Appellant's claim that counsel was ineffective in failing to file a suppression motion. No relief is due.

Appellant's remaining claims are related. With his second issue, Appellant argues that trial counsel was ineffective in not seeking to sever his trial from that of his co-defendant, as he was "hampered from presenting his full defense" at trial because Chitty had obtained a pretrial ruling excluding "[e]vidence which was necessary to [Appellant's] defense." Appellant's brief at 13-14. With his final claim of error, Appellant contends that counsel was

ineffective in not using the excluded evidence when cross-examining Chitty. *Id*. at 15-16. Both arguments concern the PSP's motor vehicle recording ("MVR") of the traffic stop, on which Appellant claims he can be "clearly heard indicating that Chitty should allow the search." Appellant's brief at 15. Appellant vaguely asserts that severance was warranted by the fact that the MVR "was precluded from admission because of Chitty pretrial rulings regarding admission." *Id*. at 14. Yet he also claims that counsel was ineffective in failing not to use the supposedly-inadmissible MVR to impeach Chitty on his testimony that Appellant told Chitty not to allow the PSP to search the car. *Id*. at 15-16.

The PCRA court denied relief on both claims. Citing precedent that joint trials are preferred when multiple defendants are charged with conspiracy or participation in the same crimes,[1] the PCRA court concluded that "this case and Chitty's case presented a classic scenario in which defendants charged in separate criminal informations should be joined for trial." PCRA Court Opinion, 5/11/18, at 16. The court also determined that there was "no merit to the claim that Chitty was mishandled as a witness." *Id*. at 17.

---

[1] *See* PCRA Court Opinion, 5/11/18, at 16 (citing, *inter alia*, *Commonwealth v. Jones*, 668 A.2d 491, 501 (Pa. 1995) (providing that joint trials are preferred for defendants charged with conspiracy); *Commonwealth v. Lee*, 662 A.2d 645, 651 (Pa. 1995) (stating joint trial is advisable for defendants accused of participation in the same criminal acts)).

Appellant has failed to demonstrate that the PCRA court's rulings are the product of an abuse of discretion. First, portions of the MVR were played by Chitty at trial, meaning that the MVR clearly was not excluded in its entirety by the unspecified pretrial rulings obtained by Chitty. **See** N.T. Trial, 7/16/15, at 125, 127, 128, 137, 138, 166, 167. Further, Appellant has failed to establish that the portion he claims should have been played was inadmissible because he and Chitty were tried together.[2] Second, the MVR is not included in the certified record, so we cannot confirm Appellant's representations as to its content. Third, assuming *arguendo* that the MVR does support Appellant's claim that he told Chitty to allow the search, Appellant does not explain how that contradicts Chitty's trial testimony. Chitty told the jury that, before the PSP required them to get out of the rental car the second time, Appellant said "No matter what don't let them search the car." N.T. Trial, 7/17/15, at 186. The fact that Appellant said something different earlier or later does not necessarily mean that Chitty's testimony was false. Accordingly, Appellant

_____

[2] The only pretrial ruling obtained by Chitty that the PCRA court discussed in its opinion is that which precluded reference to Chitty's non-*crimen-falsi* prior criminal record. **See** PCRA Court Opinion, 5/11/19, at 17. Appellant also references "**Bruton** issues," presumably referring to **Bruton v. United States**, 391 U.S. 123 (1968), in which the United States Supreme Court held that a defendant's Confrontation Clause rights are violated when a confession of a nontestifying codefendant naming the defendant as a participant in the crimes is introduced at a joint trial. However, Appellant does not explain how the portion of the recording at issue here implicated **Bruton**, let alone support his argument with citations to authority.

has established neither the arguable merit prong nor the prejudice prong of his final two claims.

As Appellant has not met his burden of convincing this Court that the PCRA court's rulings were the product of an abuse of discretion or an error of law warranting relief from this Court, **see Miner**, **supra** at 688, we affirm the order denying his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/19