J-S03039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
           Appellee : 
:
           v. :
:
JAMES W. CRISE, :
: Nos. 1183 WDA 2016
           Appellant : and 1204 WDA 2016

Appeal from the PCRA Order July 21, 2016
in the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001899-2008
CP-65-CR-0004502-2008

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 27, 2017**

James W. Crise (Appellant) appeals from the July 21, 2016 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2009, Appellant was convicted of various crimes including involuntary deviate sexual intercourse (IDSI).  Appellant was sentenced to an aggregate term of 20 to 55 years of imprisonment.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2011 after our Supreme Court denied his petition for allowance of appeal. ***Commonwealth v. Crise,*** 24 A.3d 455 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 863 (Pa. 2011).  Appellant's first two PCRA petitions resulted in no relief.

---

*Retired Senior Judge assigned to the Superior Court.

Appellant filed the petition that is the subject of the instant appeal on May 4, 2016. Therein, he claimed that he is entitled to relief in the form of resentencing and/or a new trial. Specifically, Appellant claimed that his sentence is illegal under ***Commonwealth v. Wolfe***, 140 A.3d 651, 653 (Pa. 2016) (holding 42 Pa.C.S. § 9718, the statute that provided a mandatory minimum sentence for IDSI, is unconstitutional under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013)). PCRA Petition, 8/13/2015, at ¶ 5(I). Appellant also contended that newly-discovered evidence warranted a new trial. ***Id.*** at ¶ 5(II) and (III).

The PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing, as untimely filed, to which Appellant filed a response in opposition. On July 21, 2016, the PCRA court entered an order dismissing Appellant's petition as untimely filed. Appellant timely filed notices of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises three substantive questions on appeal. Before we may consider them, we must determine whether the PCRA court correctly held that his petition was untimely filed, for the timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.

- 2 -

Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b).

It is clear that Appellant's 2016 petition is facially untimely: his judgment of sentence became final in 2011. Yet, in his brief, Appellant offers no discussion of any timeliness exception. Rather, he argues the merits of his underlying claims. This Court's admonitions in Appellant's prior appeal are equally applicable here:

> [Appellant] cannot prevail on this appeal because he has failed to plead and prove **in his brief** that any timeliness exception applies. … [Appellant's] brief focuses solely upon the merits of his underlying claims for PCRA relief. We cannot reach those arguments if we lack jurisdiction to do so, and it is [Appellant's] burden to establish that jurisdiction. Moreover, he plainly was on notice of his timeliness problem, because the PCRA court provided a lengthy, careful review of the foundation for an exception provided by [Appellant], concluding only after considerable analysis that [Appellant] had failed to establish that an exception applied. It was incumbent upon him to address that issue in his brief to this Court. [Appellant's] failure to do so leaves us with no choice but to conclude that [his] instant PCRA petition was untimely and not subject to any exception. Consequently, the PCRA court and this Court lack jurisdiction to review its merits.

***Commonwealth v. Crise***, 134 A.3d 490 (Pa. Super. 2015) (unpublished memorandum at 9-10) (emphasis in original; footnote and citation omitted).

Appellant again has not even attempted to meet his burden of convincing this Court that he is entitled to relief.[1] ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa. Super. 2012) ("It is an appellant's burden to persuade us that the PCRA court erred and that relief is due."); ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) ("We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."). This Court still will not make Appellant's arguments for him. ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Order affirmed.

---

[1] In his reply brief, Appellant contends that our Supreme Court's decision in ***Wolfe*** is to be applied retroactively. Appellant's Reply Brief at 1 (unnumbered). Assuming that this is an attempt to invoke the timeliness exception for newly-recognized, retroactively-applicable constitutional rights, it fails. The ***Wolfe*** Court did not recognize a new constitutional right, let alone hold that any such right applied retroactively; rather, it merely applied ***Alleyne*** to hold that a particular mandatory minimum sentence was unconstitutional. Furthermore, our Supreme Court has held that ***Alleyne*** itself does not apply retroactively to cases on collateral review. ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2017