J-S18001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES STEPHEN PAVLICHKO | : | |
| | : | |
| Appellant | : | No. 1522 MDA 2018 |

Appeal from the PCRA Order Entered August 10, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000802-1996

BEFORE: BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED APRIL 17, 2019**

James Stephen Pavlichko appeals from the August 10, 2018 order denying his fifth petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In order to avoid the death penalty, Appellant pled guilty to criminal homicide generally, aggravated assault, and conspiracy in connection with the brutal beating death of Dale Nelson. Appellant proceeded in 1997 to a degree-of-guilt hearing along with co-defendant Daniel Petrichko. At the hearing, the Commonwealth presented the testimony of a third co-defendant who had pled guilty and another eyewitness, both of whom testified that Appellant was the one who repeatedly beat the victim with a stick. The Commonwealth also read a statement Petrichko had given to the police. Petrichko's redacted statement likewise indicated that "the other person" had gone after the victim with a stick.

_____

* Former Justice specially assigned to the Superior Court.

The trial court found both Appellant and Petrichko guilty of first-degree murder. The court sentenced Appellant to life imprisonment, followed by fifteen to forty years of imprisonment. In a post-sentence motion, Appellant raised, *inter alia*, an after-discovered evidence claim. Therein, Appellant contended that Petrichko at his separate sentencing hearing made an on-the-record statement that Appellant had no knowledge of any plan to kill Mr. Nelson, and that Appellant had actually tried to stop Petrichko from killing him. The trial court rejected Appellant's claim, stating as follows:

> [Appellant] argues that Petrichko's knowledge of [Appellant's] "non participation" in the murder constitutes the after-discovered evidence." This argument is patently specious because it flies directly in the face of [Appellant's] own guilty plea wherein he admitted [killing] the victim. Furthermore, Petrichko's assertion that [Appellant] "did nothing" and tried to stop the crime is not "after-discovered" because [Appellant] himself knew what he did. . . . The point is that [Appellant] is aware of what he did nor didn't do and, as such, Petrichko's statement is merely cumulative of what [Appellant] already knew. [Appellant] does not need Petrichko to tell him what he did at the murder scene . . . .
>
> Our Supreme Court has stated on several occasions that post-verdict accomplice testimony must be considered with caution. The reasons for the rule are obvious. . . . There are many reasons why accomplices might attempt to exonerate their co-conspirators—post trial. The instant case presents an example of one of those reasons which is set forth in correspondence . . . which Mr. Petrichko sent to the court and which was noted by the court at sentencing . . . . In said correspondence, . . . Mr. Petrichko states that ". . . I lied in the beginning because I was afraid of [Appellant]. I am afraid of him to this day. Sir, he is nuts.
>
> ["]He threatens me every day. He says he is going to get a hold of me up state and show me what snitches deserve.["]

["]I would rather die at the hands of the state th[a]n have him commit another murder." Five days later . . . at Petrichko's sentencing, Petrichko informed the court that [Appellant] "did nothing" relative to the murder. Thus, within a space of five days Petrichko informed the court that he was terrified of [Appellant] because [Appellant] had been threatening him on a daily basis because he was a "snitch" and then, at his sentencing hearing, he attempted to exonerate [Appellant]. It should be noted that throughout the [degree-of-]guilt phase trial several witnesses testified as to the fear instilled in them by [Appellant]. The court views Petrichko's statement—not as "after–discovered evidence"—but as an attempt to mollify [Appellant] because he is afraid of [Appellant]. To grant a new trial under these circumstances would indeed make a mockery of justice.

[Appellant's] motion for a new trial based upon anything Petrichko has to say post-sentence will be denied. Petrichko's statements are not "after-discovered evidence" because they are not new, in that they did not inform [Appellant] of anything of which he was unaware prior to his trial, are cumulative of what [Appellant] already knew, and would not compel a different outcome. The overwhelming weight of the credible evidence produced at trial clearly established that [Appellant] planned, organized, directed, participated in, and then attempted to cover-up the murder of Dale Nelson.

Trial Court Opinion, 10/22/97, at 10-12 (citations and unnecessary capitalization omitted).

This Court affirmed Appellant's judgment of sentence on direct appeal. ***Commonwealth v. Pavlichko***, 724 A.2d 959 (Pa.Super. 1998) (unpublished memorandum), *appeal denied*, 734 A.2d 393 (Pa. 1998). In so doing, this Court rejected his after-discovered evidence claim for the reasons stated by the trial court: "Petrichko's statements are not trustworthy and do not constitute after-discovered evidence." ***Id***. (unpublished memorandum at 10).

PCRA petitions filed by Appellant in 1999, 2005, 2006, and 2017 resulted in no relief.

Appellant filed the instant PCRA petition on June 5, 2018. Therein, Appellant claimed that Petrichko had at some undisclosed point in the past sent a letter to Appellant's counsel detailing the facts of the murder and Appellant's lack of involvement in it, but that counsel did not forward it to Appellant. PCRA Petition, 6/5/18, at 1. Appellant attached to his petition a copy of the undated letter, which is addressed to Appellant's trial counsel. He also attached an affidavit from Petrichko, which indicates that he wrote the letter in 1997 when Appellant's trial counsel met with Petrichko about the exculpatory statement Petrichko made at his sentencing hearing. The affidavit further provides that Petrichko sent the letter to Appellant's trial counsel in 1997.

Appellant alleged that he only became aware of the fact that Petrichko sent the letter on May 5, 2018, when Petrichko provided a copy of the letter to Appellant after Appellant had been transferred to the same housing unit as Petrichko. *Id*. Appellant averred that he was unable to discover earlier the fact that Petrichko had sent the exculpatory letter to counsel because the department of corrections policies prohibit correspondence between inmates. *Id*. at 2. Appellant contended that Petrichko's letter entitled him to PCRA relief under 42 Pa.C.S. § 9543(a)(2)(vi) (providing a PCRA petitioner is entitled to relief upon pleading and proving, *inter alia*, that the conviction or

sentence resulted from the prior unavailability of exculpatory evidence that would have changed the outcome of the trial).

On July 19, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 upon its determination that the petition was "specious." After consideration of Appellant's response, the PCRA court denied the petition by order of August 10, 2018. This appeal followed. Appellant presents the following claim for our review: "The PCRA court abused its discretion in denying an evidentiary hearing, noting among other reasons that this 'newly discovered' evidence has nothing to do with his degree of guilt hearing and thus, would not be likely to compel a different result." Appellant's brief at 2.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

The first hurdle for a PCRA petitioner is establishing the timeliness of the petition. For a petition to be timely under the PCRA, it must be filed within one year of the date that the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed nearly two decades after

his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1), we cannot address the claims he asserts therein. **See Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018) ("If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").

Appellant acknowledged the facial untimeliness of his petition, but pled that he satisfied the newly-discovered facts exception codified at 42 Pa.C.S. § 9545(b)(1)(ii). PCRA Petition, 6/5/18, at 4. When considering a claim seeking to invoke the newly-discovered fact exception, our Supreme Court requires that a petitioner establish that: "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (citation omitted).

The PCRA court apparently accepted Appellant's allegations regarding the recent discovery of the fact that Petrichko had sent the letter to trial counsel, as it did not dismiss Appellant's petition as untimely, but rather denied the petition on the basis that there was no merit to the substantive claim that Petrichko's letter entitled Appellant to a new trial. **See** PCRA Court 1925(a) Statement, 9/12/18 (referring to its July 19, 2018 order rejecting the

merits of Appellant's claim and to its 1997 opinion quoted above). The Commonwealth does not argue in its brief that the PCRA court abused its discretion in addressing the merits of Appellant's substantive claim rather than dismissing the petition as untimely. Accordingly, we do not disturb the PCRA court's exercise of jurisdiction and consider whether the denial of relief was an abuse of discretion.

To establish entitlement to a new trial based upon after-discovered evidence, the criminal defendant must show that the additional evidence

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa.Super. 2010) (citation omitted).

The arguably exculpatory evidence contained in Petrichko's newly-discovered letter is precisely the same as that rejected by the trial court and this Court on Appellant's direct appeal: that the murder was all Petrichko's doing, and that Appellant's only involvement was to try to stop Petrichko from committing the crime and helping Petrichko after the deed was done. PCRA Petition, 6/5/18, at Exhibit A (detailing Petrichko's post-trial version of events from a week before the murder, when the victim supposedly took Petrichko's paycheck without authorization while Petrichko was away for military reserve training, to police officers utilizing every interrogation technique featured on

television to elicit his confession). Appellant points to no material differences between the narrative offered in this letter and the one Petrichko offered during his sentencing hearing that, according to Petrichko's affidavit, was what prompted the writing of the letter in 1997 in the first place.[1] The claim is meritless now for the same reason it was meritless before: "Petrichko's statements are not trustworthy and do not constitute after-discovered evidence." **Pavlichko**, *supra* (unpublished memorandum at 10).

Accordingly, Appellant has not met his burden of convincing us that the PCRA court erred and that relief is due.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2019

---

[1] Perhaps this explains why, assuming Appellant's trial counsel did receive the letter during the litigation of the first after-discovered evidence claim on direct appeal, counsel chose not to use it: it does not add anything to the claim.