J-S80023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREK D. SCALE, | : | |
| | : | |
| Appellant | : | No. 1206 EDA 2018 |

Appeal from the PCRA Order March 29, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001230-2013

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.: **FILED JUNE 11, 2019**

Tyrek D. Scale appeals from the order that dismissed without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant, along with his co-conspirator, Deshawn Newman, was convicted of first-degree murder, conspiracy, and other crimes in relation to the shooting death of Wali Patrick. Relevant to the issues stated by Appellant in this appeal, witnesses at trial included John Curry, Pamela Hayward, and Khiry Hayward. The Haywards, relatives of the decedent, indicated that the decedent had been in a fight with someone named Fees earlier in the day on the date of the murder. Mr. Curry saw Appellant and Newman get out of a white Suzuki with a handicap license plate and walk towards the decedent's home, heard four gunshots, and saw Appellant and Newman return to the car, which sped away. Mr. Curry called 911, the police located the Suzuki, and a

high-speed chase ensued, concluding when the Suzuki crashed, and Appellant exited the vehicle and fled on foot after dropping what appeared to be a firearm. Mr. Curry also went to the scene of the crash and identified Appellant, Newman, and the Suzuki. DNA evidence obtained from the steering wheel of the Suzuki matched Appellant's DNA. Ballistic evidence showed that the two firearms recovered from the scene were involved in the shooting of the decedent.

Following his convictions, Appellant was sentenced to life imprisonment without the possibility of parole, this Court affirmed the judgment of sentence on direct appeal, and our Supreme Court declined discretionary review. *Commonwealth v. Scale*, 156 A.3d 353 (Pa.Super. 2016) (unpublished memorandum), *appeal denied*, 165 A.3d 902 (Pa. 2017). Appellant filed a timely *pro se* PCRA petition, counsel was appointed, and an amended petition stating verbatim the same nine claims of ineffective assistance of counsel raised in the *pro se* petition was filed. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In response, Appellant filed a counseled supplemental petition raising additional claims. The PCRA court dismissed the petition, and filed an opinion explaining its reasoning. This timely appeal followed.[1]

Appellant presents the following questions for our review:

---

[1] The PCRA court did not direct Appellant to file a statement of errors complained of on appeal, and none was filed.

- 2 -

A.      Whether counsel was ineffective for failing to move to suppress the prejudicial and suggestive out-of-court "one man" show-up and the unreliable in-court identification as the product of suggestion by police and due to the witness['s] lack of opportunity to observe[.]

B.      Whether counsel was ineffective for failing to object and move for a mistr[i]al where the trial court on multiple occasions engages in improper examination of witnesses/improperly answering or witnesses/and disparaging the defense including the:

> (1)    failure to object and request a mistrial upon the introduction of a purported fight earlier in the day with an unknown person (a.k.a. Fees), and/or seeking missing witness/adverse inference instruction specifically relating to the unknown witness and/or the purported fight and the failure to move for a mistr[i]al when the Appellant was deprived the opportunity to confront witness Fees and/or the unknown fight participants;

> (2)    failure to object to the prejudicial testimony and misleading characterization by the prosecutor relating to the Appellant and deceased living in same neighborhood, with an inference that said shooting was a neighborhood dispute;

> (3)    failure to object to the insufficient colloquy and answer to said colloquy relating to the Appellant's right to testify, where the Appellant's response was "unresponsive" and he did not voluntarily waive his right to testify;

> (4) failure to object to the introduction of the hearsay testimony of the medical examiner relating to the toxicology report and results/conclusions, wherein depriving the Appellant of his right to confront under both the Pennsylvania and United States constitution.

C.      Whether counsel was ineffective for failing to conduct an inappropriate [*sic*] investigation including the failure of counsel to present evidence/challenges to lack of gunshot residue on the Appellant's clothing, demonstrating through forensics the lack of DNA and/or fingerprints, and challenging the ballistics report at second trial when the weapon was in such bad shape it could not be tested in first trial?

Appellant's brief at 5 (unnecessary capitalization omitted).

We begin with the principles applicable to our review. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's claims concern allegations that prior counsel rendered ineffective assistance. Counsel is presumed to be effective, and a PCRA petitioner bears the burden of demonstrating otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's chosen course lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong of the test is fatal to the claim. *Id*. at 114.

It is well established that "[b]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa.Super. 2019) (cleaned up). Rather,

- 4 -

concerning counsel's lack of a reasonable basis, the petitioner must show that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012). In order to satisfy the prejudice prong, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012).

The ineffective-assistance-of-counsel claims pled in Appellant's petition, amended petition, and supplemental petition are presented therein in the same manner as he has presented them to this Court. As such, the allegations, at best, contain unsubstantiated averments of underlying claims of legal merit. At no point did Appellant present the PCRA court with developed allegations that counsel's chosen course lacked a reasonable basis or that the result of the proceeding would have been different had counsel acted as Appellant now claims he should have. Indeed, as the PCRA court noted in its opinion dismissing the petition, Appellant utterly failed "to support his claims with case law or supporting allegations of material fact." PCRA Court Opinion, 3/29/18, at 6. Even in his appellate brief, prejudice assertions, when present, are boilerplate, and do not support a finding that the outcome

of the proceedings at issue would have been different had counsel chosen a different course.

As such, the PCRA court properly dismissed Appellant's petition. ***See***, ***e.g***., ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008), *abrogated on other grounds sub nom*, ***Pena–Rodriguez v. Colorado***, 137 S. Ct. 855 (2017) ("[W]here Appellant has failed to set forth all three prongs of the ineffectiveness test and meaningfully discuss them, he is not entitled to relief, and we are constrained to find such claims waived for lack of development."); ***Commonwealth v. McDermitt***, 66 A.3d 810, 813-14 (Pa.Super. 2013) (affirming dismissal of claims of ineffective assistance of counsel where, *inter alia*, allegations in petition did not explain specifics of underlying claim or establish prejudice).

Further, a mere cursory examination of Appellant's purported claims of arguable merit reveal them to be baseless. For example, he contends counsel was ineffective in failing to file a motion to suppress Mr. Curry's out-of-court identification, as well as his subsequent in-court identification, when **suppression of the identifications was sought and litigated by counsel**. ***See*** Omnibus Pretrial Motion, at ¶¶ 7-10; PCRA Court Opinion, 3/29/18, at 7. Likewise, the record reveals that a thorough colloquy of Appellant was conducted before the defense rested and that Appellant clearly indicated that he did not want to take the stand in his own defense. ***See*** N.T. Trial, 4/17/15, at 12-14.

Hence, a review of the petition, in conjunction with the PCRA court's March 29, 2018 opinion accompanying its dismissal, reveals no abuse of discretion on the part of the trial court. Appellant has failed to carry his burden of convincing this Court that the PCRA court erred and that relief is due. **Miner**, **supra** at 688. Therefore, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *6/11/2019*