J-S54014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
:
JENS-PETER ENGELUND :
:
Appellant : No. 479 MDA 2019

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0002002-2017

BEFORE: BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 12, 2019**

Jens-Peter Engelund appeals from the order that denied his petition filed

pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The PCRA court summarized the history of this case as follows.

> [Appellant] is a citizen of Denmark who was residing in the United States as a lawful permanent resident at the time of the charges at issue in this case. [Appellant] was charged with ten counts of possession of firearm prohibited pursuant to 18 Pa.C.S.A. § 6105(a) and one count of make repairs/sell/etc offensive weapon pursuant to 18 Pa.C.S.A. § 908(a). [Appellant] was represented by Attorney Patrick Klena ("Attorney Klena") from his preliminary hearing through entry of [Appellant]'s guilty plea and sentencing.

> [Appellant] pleaded guilty to one count of possession of firearm prohibited, a first degree misdemeanor, and one count of make repairs/sell/etc, offensive weapons, a first degree misdemeanor, on March 16, 2018. [In the written plea colloquy, Appellant acknowledged that he understood that pleading guilty might affect his immigration status and "might result in deportation."] Th[e trial c]ourt sentenced [Appellant] to incarceration at the Centre County Correctional Facility for a period of not less than 108 days nor more than 12 months, with

12 months of concurrent probation. [Appellant] did not file a direct appeal of his sentence but later filed a motion for appointment of counsel for PCRA relief on July 25, 2018. [Appellant] was assigned PCRA counsel on August 15, 2018. [Appellant] is currently detained on immigration charges at the Pike County Correctional Facility.

[Appellant] alleges that he is eligible for relief because he was significantly prejudiced by ineffective assistance of counsel in that Attorney Klena failed to inform [Appellant] of the immigration consequences of his guilty plea and conviction. At the PCRA hearing, Attorney Klena testified that he reviewed each question on the written guilty plea colloquy with [Appellant] but that Attorney Klena initialed each page of the colloquy in the space for [Appellant]'s initials. Additionally, while Attorney Klena could not recall the specific details of this plea, he testified that he advises all clients with immigration issues to seek an immigration attorney early in the representation.

PCRA Court Opinion, 2/28/19, at 1-2 (unnecessary capitalization omitted);

Written Guilty Plea Colloquy, 3/23/18, at 4.

The PCRA court denied Appellant's petition, and Appellant filed a timely appeal.[1] Appellant states one question for this Court's consideration:

---

[1] The PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but Appellant did not timely comply. Appellant subsequently filed a Rule 1925(b) statement *nunc pro tunc*, and the PCRA court filed an amended opinion. Generally, issues not properly raised in a timely-filed court-ordered concise statement are waived. Pa.R.A.P. 1925(b)(4)(vii). However, where counsel's failure to comply constitutes *per se* ineffectiveness, and the lower court addressed the issues raised in a late-filed statement, this Court may address the merits of issues. ***See Commonwealth v. Thompson***, 39 A.3d 335, 340 (Pa.Super. 2012). We conclude that PCRA counsel in the instant case was *per se* ineffective in failing to timely file the court-ordered 1925(b) statement, and waiver, therefore, does not apply. Furthermore, we need not remand because the PCRA court addressed the merits of the claim of error Appellant included in his late-filed statement.

"Whether the [PCRA] court erred in denying Appellant's P[CRA p]etition and finding that plea counsel was not ineffective for failing to advise Appellant of the immigration consequences of his plea to offenses that constituted aggravated felonies." Appellant's brief at 4.

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove that: (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113. Further, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017).

Generally, "a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." **Commonwealth v. Abraham**, 62 A.3d 343, 350 (Pa. 2012). However, because changes in immigration law "have made removal nearly an automatic result for a broad class of noncitizen offenders," it is inappropriate "to divorce the penalty from the conviction in the deportation context" in considering the constitutional right to effective assistance of counsel. **Padilla v. Kentucky**, 559 U.S. 356, 366 (2010). Accordingly, "counsel must inform her client whether his plea carries a risk of deportation." **Id**. at 374.

As for the extent of the information that counsel must provide, the United States Supreme Court indicated as follows:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. . . . When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear.

**Id**. at 1483 (footnote omitted).

Federal law provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Appellant, the Commonwealth, and the PCRA court

agree that the offenses to which Appellant pled guilty constitute aggravated felonies. *See* PCRA Court Opinion, 2/28/19, at 2. *See also Torres v. Lynch*, 136 S.Ct. 1619, 1622 (2016) ("[A] state crime counts as an aggravated felony when it corresponds to a specified federal offense in all ways but one—namely, the state crime lacks the interstate commerce element used in the federal statute to establish legislative jurisdiction"). This Court has held that counsel's performance was constitutionally sufficient when he advised a client pleading guilty to an aggravated felony "that there could be immigration consequences related to his guilty plea and recommended that he consult with an attorney better versed in immigration law." *Commonwealth v. Wah*, 42 A.3d 335, 340 (Pa.Super. 2012).

In the instant case, Appellant acknowledged that he talked to Attorney Klena about his immigration status, and counsel informed Appellant that the plea "could have an impact" on his immigration status. N.T. PCRA Hearing, 1/28/19, at 6-7. However, Appellant testified, Attorney Klena said Appellant "should not worry about it since these were misdemeanors[.]" *Id*. at 7. Appellant indicated that Attorney Klena read the written guilty plea colloquy to him, and that Appellant signed the last page of it, but denied writing his initials on the document. *Id*. at 8. Appellant stated that he would not have pled guilty had he known that he was likely to be deported as a result, but "would have taken [his] chances, however slim, with a trial." *Id*. at 9.

Appellant further denied that Attorney Klena ever advised him to consult immigration counsel. *Id*. at 8, 10.

Attorney Klena testified to the following. He was aware that Appellant was a citizen of Denmark, and discussed immigration consequences with Appellant along with detainers Appellant had from Illinois and Indiana. *Id*. at 15. Attorney Klena informs all clients with immigration issues to consult an immigration attorney because he does not know anything about immigration law. *Id*. at 15, 20. He would never have told Appellant not to worry about immigration consequences. *Id*. at 17, 19. Attorney Klena did not specifically recall the circumstances surrounding his review of the written plea colloquy with Appellant, but his standard procedure is "to go over question for question of the colloquy as tedious as that is[.] . . . I probably initialled [*sic*] the bottom of each page for him and he just signed the last page. I find that is quicker, but I do go over each question with yes-or-no questions." *Id*. at 17.

The PCRA court credited Attorney Klena's testimony that he reviewed the written colloquy with Appellant and that "he tells all clients with immigration issues to contact an immigration attorney." PCRA Court Opinion, 2/28/19, at 6. The PCRA court concluded that, because the immigration statute at issue "does not expressly mandate deportation[,]". . . Attorney Klena was not required to inform Appellant that his plea would have certain particular effects on his immigration status. *Id*. at 5. Rather, the PCRA court held, Attorney Klena's "duty was sufficiently discharged when [he] advised

[Appellant] that there may be consequences on his immigration status and to seek an immigration attorney." ***Id***.

As documented above, the PCRA court's credibility findings are supported by the record, and, thus, may not be disturbed by this Court. ***See***, ***e.g.***, ***Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa.Super. 2014) (*en banc*) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Further, its legal conclusion that Attorney Klena's advice was sufficient under ***Padilla*** is not erroneous. ***See Wah***, ***supra*** at 340-41 (affirming denial of PCRA relief where the defendant acknowledged in the plea colloquy that no one involved in the criminal case made any representations to him about the effect of the plea on his immigration status, but rather counsel advised him to consult an immigration attorney to learn the consequences of his plea).

Therefore, because Appellant has failed to meet his burden of convincing this Court that the PCRA court erred and that relief is due, we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/12/2019</u>