J-A06012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :
          v.              :
                        :
                        :
ISAAC RAY VAUGHAN          :
                        :
       Appellant     :    No. 1153 WDA 2021

Appeal from the PCRA Order Entered September 15, 2021
In the Court of Common Pleas of Erie County
Criminal Division at CP-25-CR-0001017-2009

BEFORE:   MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY MURRAY, J.:         **FILED:  March 29, 2022**

Isaac Ray Vaughan (Appellant) appeals *pro se* from the order dismissing his petition seeking relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We are constrained to dismiss.

On July 14, 2009, the trial court convicted Appellant of two counts of aggravated assault and one count of possessing an instrument of crime.[1]  The court sentenced Appellant on September 16, 2009, to an aggregate 7 — 25 years in prison.  Appellant did not appeal.  Thereafter, "Appellant filed numerous Petitions for post-conviction relief, none of which garnered him relief."  **Commonwealth v. Vaughan**, 251 A.3d 1259, at *1 (Pa. Super. Mar. 23, 2021) (unpublished judgment order dismissing appeal "due to the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), and 907(a).

substantial briefing defects in Appellant's Brief, which hamper our ability to conduct meaningful appellate review.").

Instantly, Appellant appeals from the PCRA court's September 15, 2021 order dismissing the *pro se* PCRA petition Appellant filed on July 30, 2021. The PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on August 19, 2021. On August 30, 2021, Appellant filed handwritten correspondence stating that his lawyer was ineffective and Appellant should have received "a lesser sentence." After the PCRA court dismissed his petition, Appellant timely appealed. On October 4, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On October 13, 2021, Appellant filed a "Concise Statement of Errors" repeating his claim that he "was to be given a lesser sentence," and asserting that his sentence "must be vacated." The PCRA court filed a memorandum opinion incorporating both its August 19, 2021 notice of intent to dismiss, and an "Opinion and Order" filed June 19, 2019.

In reviewing a PCRA court's denial of relief, we examine whether the determination is supported by the record and free of error. ***Commonwealth v. Montalvo,*** 114 A.3d 401, 409 (Pa. 2015). We will not disturb the court's findings unless there is no support in the record. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Miner***, 44 A.3d 684, 688 (Pa. Super. 2012).

Once again, our review is hindered by the deficiencies in Appellant's brief. Appellant's brief is almost entirely noncompliant with Pa.R.A.P. 2111 (prescribing the content of an appellate brief). In four-and-a-half handwritten pages, Appellant impugns the performance of trial counsel and the sentencing court without making a discernable legal argument. As with his prior appeal,

> the argument section of Appellant's Brief is devoid of any citation to the record or relevant controlling case law applied and analyzed under the facts of this case. [] "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super. 2003) (citations omitted). *See* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). Furthermore, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted). *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).
>
> "While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training." *Gesiorski*, at 942 (citation omitted). "As our [S]upreme [C]ourt has explained, any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." *Id.* (citation omitted).

*Vaughan*, *supra* at *1. Accordingly, "even a liberal construction of Appellant's brief cannot remedy the serious inadequacies." *Id.* at *2.

Appeal dismissed.

- 3 -

J-A06012-22

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/29/2022

- 4 -