J-S12021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ARMSTRONG | : | |
| | : | |
| Appellant | : | No. 1138 EDA 2021 |

Appeal from the PCRA Order Entered May 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006396-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ARMSTRONG | : | |
| | : | |
| Appellant | : | No. 1139 EDA 2021 |

Appeal from the PCRA Order Entered May 6, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009692-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                     **FILED JUNE 8, 2022**

Anthony Armstrong appeals from the May 6, 2021 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

These cases stem from two separate burglary attempts, one on January 3, 2009 ("Curtis burglary"), and one on March 2, 2009 ("Tiggett burglary"). Appellant was charged for the Curtis burglary on January 3, 2009, at docket number 9692 of 2009.  Appellant was thereafter charged on March 3, 2009,

at docket number 6396 of 2009, for the Tiggett burglary. "The trial court granted the Commonwealth's motion to consolidate Appellant's cases on November 10, 2009. Trial was delayed several times by Appellant and due to case transfers arising from the reorganization of the Philadelphia criminal trial courts." *Commonwealth v. Armstrong*, 74 A.3d 228, 232 (Pa.Super. 2013) ("*Armstrong I*"). On November 18, 2011, Appellant filed a motion to dismiss at each docket pursuant to Pa.R.Crim.P. 600.[1] A hearing was held on

---

[1] "Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution of criminal cases." *Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012) (citation omitted). At the time Appellant filed his motions, this rule provided in pertinent part as follows:

**(A)**

. . . .

(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . . .

**(B)** For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

**(C)** In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her

*(Footnote Continued Next Page)*

November 28, 2011, at the conclusion of which the trial court denied the motions. Appellant immediately proceeded to a jury trial. The jury convicted Appellant of two counts of burglary and one count of possessing an instrument of crime. The trial court sentenced Appellant as a third-strike offender.

Appellant appealed to this Court, arguing, *inter alia*, that the trial court erred in denying his Rule 600 motions and sentencing him as a third-strike offender. **Id**. Upon review, this Court held that the trial court did not abuse its discretion in denying Appellant's Rule 600 motions but vacated Appellant's sentence because he was only a second-strike offender. **Id**. at 237, 241-42.

_____

> whereabouts were unknown and could not be determined by due diligence;
>
> (2) any period of time for which the defendant expressly waives Rule 600;
>
> (3) such period of delay at any stage of the proceedings as results from:
>
>> (a) the unavailability of the defendant or the defendant's attorney;
>>
>> (b) any continuance granted at the request of the defendant or the defendant's attorney.
>
> . . . .
>
> **(G)** For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

Pa.R.Crim.P. 600 (effective July 1, 2000 to June 30, 2013).

Appellant and the Commonwealth both filed petitions for allowance of appeal with our Supreme Court. Notably, Appellant's petition did not seek review of this Court's disposition of his Rule 600 claim. Our Supreme Court denied Appellant's petition but granted the Commonwealth's petition regarding our second-strike holding. The Court affirmed our second-strike holding and "express[ed] no opinion concerning the Superior Court's treatment of any other issue." *See Commonwealth v. Armstrong*, 107 A.3d 735 (Pa. 2014) (*per curiam*).

On remand, the trial court resentenced Appellant as a second-strike offender. Appellant appealed to this Court, challenging the discretionary aspects of his sentence. We affirmed his judgment of sentence and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Armstrong*, 193 A.3d 1067 (Pa.Super. 2018) (unpublished memorandum) ("*Armstrong II*"), *appeal denied*, 197 A.3d 1168 (Pa. 2018).

Appellant timely filed *pro se* the instant PCRA petition, his first. Among other things, he challenged the prior proceedings surrounding his speedy trial rights pursuant to Rule 600. The PCRA court appointed counsel. Instead of an amended petition, counsel filed a letter in support of Appellant's claims that the trial court and this Court erred with respect to Rule 600, and that trial and appellate counsel rendered ineffective assistance in connection with Appellant's speedy trial rights. *See* Letter, 7/9/19, at 2. The Commonwealth filed multiple motions to dismiss the PCRA petition. The PCRA court heard oral argument and considered the writings in support of the respective

positions.[2]  On February 12, 2021, the PCRA court issued notice of its intent to dismiss Appellant's petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907.  On May 6, 2021, the PCRA court dismissed Appellant's petition.

This timely filed appeal followed.  Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.  Appellant raises the following issues for our consideration:

1. Whether the PCRA court erred in not crediting Appellant with the following time periods against the time for commencement of trial as required by Pa.R.Crim.P. Rule 600, as follows:  from complaint filing to arraignment preliminary hearing; preliminary hearing to formal arraignment; formal arraignment to pre-trial conference; pre-trial conference to scheduling conference; scheduling conference to trial being listed; and, trial being re-listed?

2. Whether prior counsel (trial, appellate and appeal counsel) erred and provided ineffective assistance of counsel and did not protect Appellant's constitutional right to a speedy trial and prompt trial?

3. Whether the PCRA court erred and abused its discretion in relying on the Superior Court's opinion that incorrectly charged the time periods from March 26, 2010 to July 15, 2010 and then to September 15, 2010 against Appellant where there were exceptional circumstances and when the Superior Court's finding was clearly erroneous and created a manifest injustice and caused harm to Appellant?

---

[2] The Honorable Sandy L.V. Byrd presided over the underlying Rule 600 motions, as well as the initial stages of the instant PCRA proceedings. Specifically, Judge Byrd considered oral argument on Appellant's PCRA petition in October and December 2019.  Since the proceedings continued into Judge Byrd's retirement, the matter was reassigned in January 2021, to the Honorable Tracy Brandeis-Roman, who held oral argument, ordered additional briefing, ruled on the PCRA petition, and filed a Rule 1925(a) opinion.

4. Whether the PCRA court erred in granting Commonwealth's motion to formally dismiss the PCRA; conversely, whether the PCRA court erred in denying Appellant's PCRA petition; where, when taking into consideration time ruled excludable, more than 365 days elapsed from the filing of the criminal complaint to Appellant's trial?

Appellant's brief at 4-5 (unnecessary capitalization omitted).

We begin our review with the following pertinent principles. "Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant is effectively raising two types of claims. First, Appellant argues that the PCRA court erred in its disposal of Appellant's substantive Rule 600 claim and in relying on this Court's prior calculations. Second, Appellant contends that trial and appellate counsel were ineffective for failing to protect Appellant's speedy trial rights. We consider these issues in turn, beginning with Appellant's substantive Rule 600 claim.

Appellant argues that he was tried in violation of Rule 600 and that the PCRA court erred in not considering certain enumerated time periods when calculating Appellant's Rule 600 claim. *See* Appellant's brief at 14-34.

Despite attempting to calculate Appellant's Rule 600 issue for purposes of this appeal, the PCRA court in fact dismissed this PCRA claim because it concluded that the precise issue was previously litigated and therefore any attempt to review the merits of the issue was beyond its jurisdiction. **See** PCRA Court Opinion, 7/30/21, at 4-5 (noting that "[t]his issue may have merit but cannot be reviewed by this court due to being previously litigated[, and] this court was unable to replicate the time calculations" of the trial court and Superior Court); **id**. at 16 ("Although this court has doubts regarding previous time calculations performed by the original trial court and the Pennsylvania Superior Court, that issue has been previously litigated and thus cannot be reviewed by this court due to a lack of jurisdiction.").

To be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, that "the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Generally, "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa.Super. 2015) (*en banc*). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2). "Whether an issue was previously litigated turns on whether the issue constitutes a discrete legal ground or merely an alternative theory in support

of the same underlying issue that was raised on direct appeal." *Commonwealth v. Small*, 980 A.2d 549, 569 (Pa. 2009) (cleaned up).

Instantly, Appellant argued in his PCRA petition that his speedy trial rights were violated and that the trial court's computation of his Rule 600 motions was wrong. *See* Letter, 7/9/19, at 1-2. On direct appeal, Appellant raised the following Rule 600 claim:

> 2. Did not the court below err in denying appellant's motion to dismiss pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure, where the Commonwealth failed to bring appellant to trial within 365 days of the filing of the criminal complaint and where this failure was the result of a lack of due diligence on the part of the Commonwealth?

*Armstrong I*, *supra*, at 232. After a thorough review of the merits and the separate adjusted run dates for the Curtis burglary and the Tiggett burglary, we concluded that the trial court did not err in denying Appellant's Rule 600 motions. *Id*. at 234-37. As Appellant's Rule 600 issue in his PCRA petition does not constitute a distinct legal ground from the Rule 600 issue he raised in his first direct appeal, the PCRA's dismissal of this issue as previously litigated is supported by the record and free of legal error. *See Small*, *supra*.

Appellant argues that his Rule 600 claim was not previously litigated because appellate counsel did not raise it in Appellant's petition for allowance of appeal to our Supreme Court. *See* Appellant's brief at 45 (relying, in part, on the PCRA court's statement that the issue was finally litigated when our Supreme Court denied Appellant's petition for review). However, counsel's failure to include this claim in Appellant's petition for allowance of appeal is of

- 8 -

no moment since the nature of Appellant's appeal to our Supreme Court was permissive. As the certified record bears out, "the highest appellate court in which the petitioner could have had review as a matter of right[,]" namely, this Court, "ruled on the merits of the issue[.]" 42 Pa.C.S. § 9544(a)(2). *See also Commonwealth v. Postie*, 200 A.3d 1015, 1025 (Pa.Super. 2018) (*en banc*) ("Because the Superior Court is the highest court in which Appellant was entitled to review **as a matter of right**, and he obtained merits review on his current claim of trial court error, Appellant's underlying issue has been 'previously litigated' for purposes of the PCRA*.*") (emphasis in original) (citing 42 Pa.C.S. §§ 724(a), 5105(b)). Thus, the PCRA court properly found this issue previously litigated.

We are likewise unpersuaded by Appellant's argument that this issue was not previously litigated because it is subject to an exception to the law of the case doctrine. *See* Appellant's brief at 46-47. Specifically, Appellant contends that our Court's disposition of this issue "was clearly erroneous and would create a manifest injustice if followed." *Id*. at 47 (cleaned up).

The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v. Fears*, 86 A.3d 795, 816 n.23 (Pa. 2014) (cleaned up). There are limited exceptions to the law of the case doctrine, *i.e.*, "where there has been

- 9 -

an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed." *Commonwealth v. Starr*, 664 A.2d 1326, 1332 (Pa. 1995) (citations omitted).

As discussed *supra*, the PCRA statute hinges eligibility for relief on, *inter alia*, the raised allegation of error not having been previously litigated. 42 Pa.C.S. § 9543(a)(3). In interpreting this statute, we are guided by the following principles:

> Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. Generally speaking, the best indication of legislative intent is the plain language of a statute. Furthermore, in construing statutory language, words and phrases shall be construed according to rules of grammar and according to their common and approved usage. The Act further provides that, when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.
>
> Under Section 1921(c) of the Statutory Construction Act, it is only when the words of a statute are not explicit that a court may resort to other considerations, such as the statute's perceived purpose, in order to ascertain legislative intent.

*Sternlicht v. Sternlicht*, 876 A.2d 904, 909 (Pa. 2005) (cleaned up).

The PCRA statute specifically bars review of previously litigated issues: "To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: . . . (3) That

the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a). Previous litigation is defined within the PCRA statute as follows:

> **(a) Previous litigation.--**For purposes of this subchapter, an issue has been previously litigated if:
>
> (1) Deleted.
>
> (2) the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or
>
> (3) it has been raised and decided in a proceeding collaterally attacking the conviction or sentence.

42 Pa.C.S. § 9544(a).

We find the language of the PCRA statute unambiguous. A PCRA petitioner cannot seek review of issues that have been previously litigated as defined by the PCRA statute. As discussed *supra*, Appellant's Rule 600 issue falls within this definition. Critically, while the PCRA statute contains exceptions to the time-bar, **see** 42 Pa.C.S. § 9545(b), it does not contain any exceptions to the bar against reviewing previously litigated issues. "Where the Legislature expressly provides a comprehensive legislative scheme, these provisions supersede the prior common law principles." **Sternlicht**, **supra** at 912. Since the law of the case doctrine predates the PCRA statute, the PCRA's absolute bar against reviewing previously litigated issues supersedes the common law exceptions applicable to the law of the case doctrine. As such, this argument, while creative, provides no avenue for relief on Appellant's substantive Rule 600 issue.

We now turn to Appellant's ineffective assistance of counsel claims. At the outset, we observe that our Supreme Court has held that "ineffectiveness claims are distinct from those claims that are raised on direct appeal." *Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (cleaned up). Thus, ineffective assistance of counsel claims, even where the underlying issue was previously considered on appeal, are not barred under the PCRA as previously litigated.

In reviewing ineffectiveness claims, counsel is presumed to be effective and a petitioner bears the burden of proving otherwise. *See Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To succeed on a claim, "the petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficient performance." *Collins*, *supra* at 573 (citation omitted). Failure to establish any of the three prongs is fatal to the claim. *Becker*, *supra* at 112.

Appellant argues he has established prejudice as to all counsel "without question" because "[i]f a valid Rule 600 claim exists, and if all charges were not dismissed with prejudice, then [all] counsel provided ineffective assistance." Appellant's brief at 37, 39. As to his specific claims, Appellant averred that trial and appellate counsel were ineffective for failing "to properly be familiarized and abreast with Rule 600 requirements" and appellate counsel

- 12 -

was ineffective for failing to raise a Rule 600 claim in his petition for allowance of appeal to our Supreme Court.[3] Letter in Brief, 7/9/19, at 12. Appellant's ineffectiveness claims stem from his Rule 600 argument. Throughout his brief, Appellant focuses this argument on the 111 days from March 26, 2010 to July 15, 2010, and the sixty-two days from July 15, 2010 to September 15, 2010. *See, e.g.*, Appellant's brief at 6. According to Appellant, the trial court and this Court misapplied these periods and periods of normal case progression in calculating Appellant's Rule 600 claim. Thus, he argues that trial and appellate counsel were ineffective in that they failed to make arguments regarding the proper calculation of these periods to the respective court.

The PCRA court dismissed Appellant's claims of ineffective assistance of trial and appellate counsel because "Appellant failed to explain how either of his previous attorneys were ineffective when both attempted to raise [the Rule

---

[3] On appeal, Appellant expands on his ineffectiveness claims as follows: (1) trial counsel failed to argue that the Commonwealth and trial court misapplied Rule 600 by not including time considered to be the normal progression of the case and counsel had no reasonable basis for failing to make that argument or file a petition for reconsideration with the trial court; (2) appellate counsel had no reasonable basis for failing to argue that the trial court and Commonwealth misapplied Rule 600 based upon incorrect facts, cite relevant documents in the reproduced record detailing the Rule 600 claim, and submit a reply brief highlighting that the Commonwealth did not account for days of normal progression in its calculation; and (3) appellate counsel was *per se* ineffective for failing to include Appellant's Rule 600 claim in his petition for allowance of appeal to our Supreme Court despite Appellant asking counsel to do so. *See* Appellant's brief at 38-43. Insofar as Appellant did not present these arguments to the PCRA court, they are waived for purposes of this appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

600] issue and protect Appellant's speedy trial rights." PCRA Court Opinion, 7/30/21, at 15. The PCRA court's conclusions are supported by the record and free of legal error.

Critically, at the Rule 600 hearing, trial counsel specifically argued that the period from March 26, 2010 to September 15, 2010 should be counted against the Commonwealth for purposes of Rule 600 because the Commonwealth had requested a continuance based on a witness not being available. N.T., 11/28/11, at 10, 16. Moreover, counsel argued that any periods of normal progression should not be considered excludable time. *Id*. at 14. Thus, it is evident that counsel was familiar with Rule 600 and made the specific arguments Appellant assails counsel for not making. We will not deem counsel ineffective for failing to convince the trial court of the merits of those arguments. *See Commonwealth v. Paddy*, 15 A.3d 431, 444 (Pa. 2011) ("[C]ounsel will not be deemed ineffective simply because the court declined to accept his arguments on behalf of a client."). Accordingly, the PCRA court did not err in dismissing Appellant's ineffective assistance of trial counsel claim.

Turning to appeal counsel, this Court held in *Armstrong I* that Appellant requested a continuance from the January 13, 2010 trial date "and the court relisted Appellant's case for the next available trial date on September 15, 2010, resulting in 245 days of excludable delay attributable to Appellant." *Armstrong I*, *supra*, at 237 (citations omitted). While Appellant

complains that appellate counsel was ineffective for failing to argue that the period from March 26, 2010 to September 15, 2010 should have been counted against the Commonwealth, the certified record does not contain Appellant's brief with the arguments counsel set forth in support of Appellant's Rule 600 issue.[4]   Therefore, Appellant has not established that counsel was not familiarized with Rule 600 or that counsel did not present this precise argument on appeal.  As with the trial court, that this Court could have discredited Appellant's argument does not mean that appellate counsel rendered ineffective assistance in pursuing Appellant's Rule 600 issue on appeal.  ***See Paddy***, ***supra*** at 444.  Thus, based on the record before us, the PCRA court did not err in dismissing this claim.

_____

[4] We observe that Appellant sought to correct the certified record to include the appellate briefs filed in ***Armstrong I***.  ***See*** Application for the Correction of the Original Record, 8/15/21.  This Court granted Appellant's application and remanded to the PCRA court for the filing of a supplemental record.  *Per Curiam* Order, 8/31/21.  The PCRA court complied but did not include the prior appellate briefs because the PCRA court did not have access to those documents.  ***See*** PCRA Court Letter, 9/9/21, at 2.  Appellant did not seek a different avenue to supplement the record with those briefs and they are not part of the certified record.

We note that Appellant included a copy of his appellate brief in ***Armstrong I*** in his application for correction of the record.  While this is not part of the certified record and we therefore cannot consider it, we observe that Appellant's claim is belied by the attached brief.  Specifically, it appears that appellate counsel in fact argued that the period from March 26, 2010 to September 15, 2010 should have counted against the Commonwealth and that the normal progression of the case should not be excluded from the Rule 600 calculation.  ***See*** Application for the Correction of the Original Record, 8/15/21 (Attachment: Appellant's brief in ***Armstrong I*** at 29-36).

Finally, Appellant claims that appellate counsel was ineffective for failing to include this Court's disposition of his Rule 600 issue in his petition for allowance of appeal. Our Rules of Appellate Procedure provide for the following avenue of relief when this Court has overlooked or misconstrued a fact of record:

> Reargument before an appellate court is not a matter of right, but of sound judicial discretion, and reargument will be allowed only when there are compelling reasons therefor. An application for reargument is not permitted from a final order of an intermediate appellate court under: (1) the Pennsylvania Election Code; or (2) the Local Government Unit Debt Act or any similar statute relating to the authorization of public debt.
>
> > *Note:* The following, while neither controlling nor fully measuring the discretion of the court, indicate the character of the reasons which will be considered:
> >
> > . . . .
> >
> > (2) Where the court has overlooked or misapprehended a fact of record material to the outcome of the case.

Pa.R.A.P. 2543.

Petitions for allowance of appeal to our Supreme Court, on the other hand, may be granted for the following reasons:

> **(b) Standards.** A petition for allowance of appeal may be granted for any of the following reasons:
>
> > (1) the holding of the intermediate appellate court conflicts with another intermediate appellate court opinion;
> >
> > (2) the holding of the intermediate appellate court conflicts with a holding of the Pennsylvania Supreme Court or the United States Supreme Court on the same legal question;

(3) the question presented is one of first impression;

(4) the question presented is one of such substantial public importance as to require prompt and definitive resolution by the Pennsylvania Supreme Court;

(5) the issue involves the constitutionality of a statute of the Commonwealth;

(6) the intermediate appellate court has so far departed from accepted judicial practices or so abused its discretion as to call for the exercise of the Pennsylvania Supreme Court's supervisory authority; or

(7) the intermediate appellate court has erroneously entered an order quashing or dismissing an appeal.

Pa.R.A.P. 1114(b).

Instantly, Appellant argues that this Court's disposition of Appellant's Rule 600 claim "was based upon incorrect facts[.]"  Appellant's brief at 34. This amounts to a belief that this Court "misapprehended a fact of record material to the outcome of the case."  Pa.R.A.P. 2543.  Therefore, the appropriate avenue for relief would be a petition for reargument with this Court, not a petition for allowance of appeal with our Supreme Court. Appellant only argues that he requested counsel file a petition for allowance of appeal as to this Court's disposition of his Rule 600 issue, not a petition for reargument with this Court.  Since the petition for allowance of appeal was not an appropriate avenue for relief for the error alleged, the PCRA court's conclusion that Appellant failed to establish this claim is supported by the record and free of legal error.

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/08/2022